# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

EBONY WHEAT,

       Plaintiff,                       Civil Action 2:17-cv-1100
                                           Judge George C. Smith
   v.                                  Magistrate Judge Chelsey M. Vascura

STEVEN JACKSON,

       Defendant.

## REPORT AND RECOMMENDATION

Defendant, Steven Jackson, who is proceeding without the assistance of counsel, removed this action from the Franklin County Court of Common Pleas, Domestic and Juvenile Division. Pursuant to the Court's February 27, 2018 Order, this matter is before the United States Magistrate Judge for a Report and Recommendation on the question of whether this Court may exercise jurisdiction over the subject matter of this case. For the reasons set forth below, it is **RECOMMENDED** that this action be **REMANDED** for lack of subject matter jurisdiction.

**I.**

According to Plaintiff's April 24, 2017 Complaint in the Court of Common Pleas, Defendant is the natural father of her minor child. Plaintiff sought an order establishing paternity and requiring Defendant to pay child support. (ECF No. 4.) The State Court Record (ECF No. 2) reveals that the Court of Common Pleas issued a judgment entry on November 15, 2017. That judgment entry establishes that Defendant is the father of Plaintiff's minor child and orders him to pay child support.

Although the statements in Defendant's Notice of Removal lack clarity, Defendant appears to contend that the Court of Common Pleas' entry of judgment violates federal statutory law and the United States Constitution. (*See* ECF No. 1). He further contends that only federal courts may exercise jurisdiction over all legal matters under the United States Constitution.

**II.**

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). *See also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[A] court . . . will raise lack of subject-matter jurisdiction on its own motion."). The removal statute, at 28 U.S.C. § 1447(c), mandates that the Court remand an action removed from a state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

Federal review of state-court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 476 (1983). *See also Patmon v. Mich. Sup.Ct.,* 224 F.3d 504, 506 (6th Cir. 2000). This doctrine is referred to as the *Rooker–Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional[; r]eview of those decisions may only be had in this Court." *Feldman,* 460 U.S. at 486; *see also Anderson v. Charter Twp. of Ypsilanti,* 266 F.3d 487, 492 (6th Cir.2001). The Supreme Court more recently restated the *Rooker–Feldman* doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994).

*Rooker–Feldman* analysis requires two inquiries: "First, in order for the *Rooker–Feldman* doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998) (quotation omitted), *overruled on other grounds by Chevalier v. Estate of Barnhart*, 803 F.3d 789 (6th Cir. 2015). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (quotation omitted). Second, the *Rooker–Feldman* doctrine precludes federal court jurisdiction where the claim is "a specific grievance that the law was invalidly—even unconstitutionally— applied in the plaintiff's particular case." *Id.* The doctrine does not bar federal court jurisdiction where the claim is "a general challenge to the constitutionality of the state law applied in the state action." *Id. See also Patmon,* 224 F.3d at 509–10. In this case, both required elements of the *Rooker–Feldman* doctrine are present.

First, the issue that Defendant appears to raise in this Court is inextricably intertwined with the state-court proceeding. The Court of Common Pleas applied Ohio law to determine that Plaintiff was entitled to an entry of judgment establishing Defendant's paternity and requiring him to pay child support. Defendant, in his Notice of Removal, contends that the state court should have applied federal law. The relief that Defendant appears to seek in this Court could only be predicated on the conclusion that the state-court's judgment was wrong. Defendant now asks this Court to sit as an appellate court, review this state-court proceeding, and find that the

3

court applied the wrong law or, indeed, lacked jurisdiction altogether to enter judgment.

Second, Defendant explicitly suggests in his Notice of Removal that he is asking this Court to conclude that the Court of Common Pleas invalidly or unconstitutionally applied the law in the state-court action. Defendant clearly contends that the source of his particular injury is the state court's judgment. *See Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." (citation omitted)); *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (same).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **REMAND** this action to the Franklin Court of Common Pleas, Domestic and Juvenile Division, pursuant to 28 U.S.C. § 1447(c).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE